**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | | |
|---|---|---|
| NICHOLAS JOSEPH GOODWIN, | : | CIVIL ACTION NO. |
| Hall Cnty. ID # 368657, | : | 2:15-CV-00006-RWS-JCF |
|     Plaintiff, | : | |
| | : | |
|     v. | : | |
| | : | |
| CAPT. DANNY WOODS, | : | PRISONER CIVIL ACTION |
| LT. SULLIVAN, SGT. LACHNER, | : | 42 U.S.C. § 1983 |
| DEPUTIES COOK, CALDERON and | : | |
| ZELINSKI, | : | |
|     Defendants. | : | |

**MAGISTRATE JUDGE'S NON-FINAL
REPORT AND RECOMMENDATION**

Plaintiff, confined at the Hall County Detention Center ("HCDC") in Gainesville, Georgia, signed and filed his complaint in this 42 U.S.C. § 1983 action on January 5, 2015 (Doc. 1 at 5); received leave to proceed *in forma pauperis* (Docs. 2, 3); and paid the required initial partial filing fee (Docs. 7, 8; Unnumbered Docket Entry dated Feb. 13, 2015).  This matter is now ready for an initial screening.

**I.      The Legal Framework**

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *Richardson v. Johnson*, 598

F.3d 734, 737 (11th Cir. 2010).  Title 28 U.S.C. § 1915A requires a federal court to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or from an officer or employee of such an entity, to determine whether the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  A complaint is frivolous when it "has little or no chance of success"—for example, when it appears "from the face of the complaint that the factual allegations are clearly baseless[,] the legal theories are indisputably meritless," or "the defendant's absolute immunity justifies dismissal before service of process." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted).  A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "only a complaint that states a plausible claim for relief survives."  *Id.* at 678-79.  To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct."  *Id.* at 679.

AO 72A
(Rev.8/82)

II.   **Plaintiff's Causes Of Action**

Plaintiff sues six HCDC officials: (1) Capt. Woods, (2) Lt. Sullivan, (3) Sgt. Lachner, (4) Deputy Cook, (5) Deputy Calderon and (6) Deputy Zelinski. (Doc. 1 at 1, 3). Plaintiff alleges the following. On December 21, 2004, after Deputy Calderon found tobacco in a trash can at the HCDC, Plaintiff was told that he was "kicked out of work release." (*Id.* at 6). Plaintiff objected that he never saw proof of a violation and that the timing of the accusation was suspicious, coming as it did only three days after he had stated an "oral grievance . . . about Officer Cook involving sexual harassment/abuse on [Plaintiff] and other inmates during a 'frisk' search." (*Id.*). Plaintiff had presented this oral grievance to Officers Zelinski and Calderon, who apparently did not report it "as it was not included in their 'diary' from that day." (*Id.*).

Plaintiff alleges that from the time he was ordered into the work release program on September 3, 2014, his behavior was above reproach, until the December 21st "search." (*Id.* at 7). After the discovery of the tobacco, he was placed in lock down for 8 days. (*Id.* at 8). On December 29, 2014, he was brought to the office of Lt. Sullivan, the work release commander, and told that he would not be eligible for work release if he continued to press his grievance against Deputy Cook. (*Id.* at 8-9). Plaintiff explained that "Cook was inappropriately touching [him] and went too far

with how he made references to penis size (inmates present) and being asked to call him 'Big Daddy.' " (*Id.* at 9).  Although tempted by the prospect of returning to work release and being able to help support his children, Plaintiff ultimately decided not to abandon his "principals" and his grievance against Cook.  (*Id.*).

Plaintiff also alleges discrimination because he must wait 30 days to re-apply for work release, along with "roughly 12" other inmates, whereas the son of a Gainesville judge, who "was caught 'red handed' smoking tobacco and removed from work release," was allowed to return "within 48 hours."  (*Id.* at 9-10).

1.    **Retaliation For Complaining About Officer Cook**

Plaintiff has a right to complain about the conditions of his confinement without fear of retaliation.

It is an established principle of constitutional law that an inmate is considered to be exercising his First Amendment right of freedom of speech when he complains to the prison's administrators about the conditions of his confinement. *See, e.g., Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003). It is also established that an inmate may maintain a cause of action against prison administrators who retaliate against him for making such complaints. *Id.* To prevail, the inmate must establish these elements: (1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the administrator's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech. *See Bennett v. Hendrix*, 423 F.3d 1247, 1250, 1254 (11th Cir. 2005).

4

*Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008); *see id.* at 1276 n.15 (citing *Boxer X v. Harris*, 437 F.3d 1107, 1112 (11th Cir. 2006), to the effect that the "First Amendment rights to free speech and to petition the government for a redress of grievances are violated when a prisoner is punished for filing a grievance concerning the conditions of his imprisonment").

Plaintiff has stated a plausible retaliation claim against Officer Calderon and Lt. Sullivan, but he has not alleged that any other named Defendant took any action in retaliation for the exercise of his First Amendment rights.

2. **Sexual Abuse Or Harassment**

Plaintiff's assertion, without more, that Deputy Cook's frisk search was actionable because it included "inappropriate touching" (Doc. 1 at 9) does not state a plausible § 1983 claim for relief.  In *Moton v. Walker*, 545 Fed. Appx. 856 (11th Cir. 2013), the Eleventh Circuit affirmed the grant of summary judgment to a prison guard, Walker, who "conducted a visual body cavity search of Moton that required [Moton] to remove his clothing." *Id.* at 857.  "Walker instructed Moton to bend at the waist, spread his buttocks, and cough, and he had to perform those actions three times. Moton allege[d] that the search was unjustified because Walker had 'a lewd, sadistic, malicious smile on his face' while conducting the search." *Id.*  The Eleventh Circuit,

5

citing *Boxer X*, 437 F.3d at 1111, noted the following requirements for a prisoner to

succeed on a sexual-abuse claim:

> To prove an Eighth Amendment violation based on sexual abuse, a prisoner must show that he suffered an injury that was objectively and sufficiently serious and that the prison official had a subjectively culpable state of mind. In *Boxer X*, we concluded that "a female prison guard's solicitation of a male prisoner's manual masturbation, even under the threat of reprisal, does not present more than de minimis injury" and affirmed the dismissal of the Eighth Amendment claim.

*Moton*, 545 Fed. Appx. at 860 (citation omitted).

> Even if Sergeant Walker lacked a legitimate penological purpose in conducting a strip search of Moton and his alleged smile revealed a 'subjectively culpable state of mind,' there was no evidence that Moton suffered any injury that was objectively more serious than the injury in *Boxer X* that [the Eleventh Circuit] found to be de minimis[,] . . . . [and hence] there was no constitutional violation . . . .

*Id.* Because, likewise, Plaintiff here has not alleged a sufficiently serious objective

injury, he may not proceed on his sexual-abuse claim as stated.

The remainder of Plaintiff's claim against Deputy Cook alleges at most verbal

harassment, which is also not actionable under § 1983. *See Hernandez v. Fla. Dep't

of Corr.*, 281 Fed. Appx. 862, 866 (11th Cir. 2008) (affirming frivolity dismissal of

plaintiff's "allegations of verbal abuse and threats by the prison officers . . . because

the defendants never carried out these threats and verbal abuse alone is insufficient to

6

state a constitutional claim" (citing *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989), where the Eleventh Circuit "reject[ed] a claim that jailers 'violated their duty of protection or deprived the petitioner of his constitutional rights' based on threats from adult inmates, even if the threats were distressing")).[1]

### 3.   **Equal Protection**

Plaintiff's final claim, alleging unequal treatment regarding his eligibility for returning to work release, also fails.  A prisoner "must plausibly allege two elements" to survive the initial screening of an equal protection claim: "(1) that 'he is similarly situated with other prisoners who received' more favorable treatment; and (2) that 'his discriminatory treatment was based on some constitutionally protected interest,' such

---

[1]*See also Barney v. Pulsipher*, 143 F.3d 1299, 1310 n.11 (10th Cir. 1998) ("[A]cts of verbal harassment alone are not sufficient to state a claim under the Eighth Amendment."); *Rivers v. Pippen*, No. 3:12cv480, 2012 U.S. Dist. LEXIS 184338, at *4-5 (N.D. Fla. Dec. 12, 2012) ("Harassment or verbal abuse does not rise to the level of a constitutional violation.") (citing *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983), and "myriad other courts" who agree that, in the words of the *Lucas* court:  " '[A]s a rule, mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations . . . . Were a prisoner . . . entitled to a jury trial each time he was threatened with violence by a prison guard, even though no injury resulted, the federal courts would be more burdened than ever with trials of prisoner suits . . . .' "), *adopted by* 2013 U.S. Dist. LEXIS 5165 (N.D. Fla. Jan. 14, 2013); *Cornwall v. Miami-Dade County Corr. & Rehab. Dep't*, No. 10-23561, 2011 U.S. Dist. LEXIS 97963, at *9 (S.D. Fla. Aug. 31, 2011) (citing *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), to the effect that "simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws"); *Wilson v. Silcox*, 151 F. Supp. 2d 1345, 1352 (N.D. Fla. 2001) ("Generally, 'verbal threats, without more,' are insufficient 'to state a cause of action under the Eighth Amendment.'" (quoting *Chandler v. D.C. Dep't of Corr.*, 145 F.3d 1355, 1360 (D.C. Cir. 1998))).

7

as race, religion, or national origin." *Jackson v. Brewton*, No. 13-14103, 2014 U.S. App. LEXIS 24435, at *7 (11th Cir. Dec. 24, 2014) (citing *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001), and *Damiano v. Fla. Parole & Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986)).  Here, Plaintiff alleges only that one fellow prisoner has been afforded special treatment because of that prisoner's close kinship to a local judge, compared to the treatment afforded not only to Plaintiff but to all other work-release inmates.  Plaintiff does not allege that he himself has been subjected to invidious discrimination based on his membership in a protected class.  Plaintiff's allegation thus does not make out an equal protection claim "based on some constitutionally protected interest." *Jackson*, 2014 U.S. App. LEXIS 24435, at *7.

## III.   <u>Conclusion</u>

**IT IS THEREFORE RECOMMENDED** that Plaintiff's retaliation claim be **ALLOWED TO PROCEED** against Lt. Sullivan and Deputy Calderon and that Plaintiff's remaining claims and the remaining Defendants—Capt. Woods, Sgt. Lachner, Deputy Cook and Deputy Zelinski—be **DISMISSED** from this action.

Should the District Judge allow any of Plaintiff's claims to proceed, the Clerk is **DIRECTED** to resubmit this matter to the undersigned for further proceedings.

**SO RECOMMENDED** this <u>3rd</u> day of <u>March</u>, 2015.

8

_/s/ J. CLAY FULLER_
J. CLAY FULLER
United States Magistrate Judge

AO 72A
(Rev.8/82)